J. COLBY WILLIAMS, ESQ (5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

JASON P. BLOOM, ESQ.
(*pro hac vice*) (TX Bar No. 24045511)
jason.bloom@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

JASON W. WHITNEY, ESQ.
(*pro hac vice*) (TX Bar No. 24066288)
jason.whitney@haynesboone.com
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450

*Attorneys for Plaintiff BuzzBallz, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BUZZBALLZ, LLC, <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>MPL BRANDS NV, INC. d/b/a PATCO BRANDS, <br><br>　　　　　Defendant. | Case No.: 2:24-cv-00548-JAD-BNW <br><br>**JOINT RULE 26(F) REPORT, DISCOVERY PLAN, AND SCHEDULING ORDER** <br><br>**SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE** |

**JOINT RULE 26(F) REPORT, DISCOVERY PLAN, AND SCHEDULING ORDER**

Under Fed. R. Civ. P. 26(f), Local Rule 26-1, and Patent Local Rules 16.1-1 et seq., a telephonic conference was held on June 4, 2022, and was attended by Jason P. Bloom and Jason Whitney of Haynes and Boone, LLP on behalf of Plaintiff BuzzBallz, LLC ("BuzzBallz") and Dan Shvodian and R. Tyler Kendrick of Perkins Coie LLP on behalf of Defendant MPL Brands NV, Inc. d/b/a Patco Brands ("Patco"). The respective parties hereby submit to the Court the following proposed Discovery Plan and Scheduling Order.

## I. DISCOVERY PLAN

### A. BuzzBallz's Position

BuzzBallz proposes the case schedule shown in the center column below, with the schedule beginning immediately in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice. BuzzBallz believes this case should not be stayed "indefinitely" pending a ruling on Patco's Motion to Transfer for Convenience, as Patco requests. Discovery has already opened, with BuzzBallz having recently served its Rule 26(a) Initial Disclosures and Patco serving them on June 21, 2024. More importantly, the parties have started the process of exchanging disclosures required under the Local Rules of Practice for Patent Cases, with BuzzBallz's LPR 1-6 Disclosures and LPR 1-7 Document Production (which included more than 8500 pages of documents) served on June 18, 2024. BuzzBallz has expended considerable time and resources in discovery already, and a stay now would create prejudice. Finally, as Patco explains below, the Northern District of California case between the parties has been stayed. However, BuzzBallz believes the stay in that case favors allowing discovery in this case to proceed. In particular, if this case is also stayed, then both cases will be suspended and BuzzBallz will be deprived of any opportunity to pursue its patent claims against Patco. That should not happen based on a non-dispositive, procedural Motion to Transfer for Convenience.

### B. Patco's Position

Patco does not disagree with the spacing of the timeline of events proposed in BuzzBallz's schedule below. But Patco believes that the start of the schedule should be set based off of the Court's ruling on Patco's motion to transfer (ECF No. 18) because, if Patco's motion is granted transfer of this case to the Northern District of California, where Patco's

related Declaratory Judgment action is pending, will impact the case schedule and potential scope of this case.[1]  Both parties already agreed and proposed to the Court in the Northern District of California that the case schedule there would be triggered off that Court ruling on BuzzBallz's motion to dismiss that case.  The Court in the Northern District of California stayed the case on June 13, 2024 pending resolution of Patco's Motion to Transfer that is pending in this Court.  Patco agrees with the Northern District of California Court's position that discovery and other deadlines should be stayed until Patco's Motion to Transfer is resolved.  Patco believes that a stay in both the Northern District of California and here is appropriate so that the parties can determine the forum in which they will be litigating before investing further time and resources into this dispute.

     Patco disagrees with BuzzBallz characterization that the stay would be "indefinite."  Discovery is in its very early stages, with the parties only exchanging initial disclosures and BuzzBallz producing its required documentation under LPR 1-7.  No parties have served discovery requests in this matter and Patco has not produced any information, nor is it yet required to under the Local Rules.  A stay would also not deprive BuzzBallz of an opportunity to pursue its patent claims against Patco.  BuzzBallz previously sued Patco on a related patent—U.S. Patent No. 11,738,904—in a ongoing dispute in the Western District of Texas, only to voluntarily withdraw its allegations of infringement less than two months later.  BuzzBallz self-imposed stay of pursuing its patent claims against Patco in the Texas matter while it waited for the '441 patent to issue cautions against it being deprived of an opportunity to pursue its patent claims while the Court decides Patco's motion to transfer.

---

[1] Patco just filed a petition for post-grant review of U.S. Patent No. 11,932,441 (the patent-in-suit) on Friday, June 7, 2024, requesting that the Patent Trial and Appeal Board invalidate the '441 patent based on the several prior art grounds. *MPL Brands NV, Inc. v. BuzzBallz, LLC*, PGR2024-00035 (PTAB). Patco also filed a petition for *inter partes* review regarding the '441 patent on Friday, June 7, 2024 in case the PTAB decides that the patent is not eligible for post-grant review. *MPL Brands NV, Inc. v. BuzzBallz, LLC*, IPR2024-01000 (PTAB).

C.     Schedule Proposals

| Deadline | BuzzBallz Proposed Schedule | Patco Proposed Schedule |
|---|---|---|
| 1. Fact Discovery Cut-Off | **February 3, 2025** [270 Days after Defendant's Answer] | 270 Days after Court's ruling on Motion to Transfer |
| 2. Joint Protective Order | **June 21, 2024** [per Dkt. 17] | 14 days after Court's ruling on Motion to Transfer |
| 3. Disclosure of Rule 26(a) Initial Disclosures, Asserted Claims, and Infringement Contentions | **June 18, 2024** [14 days after discovery-planning conference] | 14 days after Court's ruling on Motion to Transfer |
| 4. Disclosure of Non-Infringement Contentions, Invalidity, and Unenforceability Contentions | **August 2, 2024** [45 days later] | 45 days later |
| 5. Response to Invalidity Contentions and Unenforceability Contentions | **August 16, 2024** [14 days later] | 14 days later |
| 6. Motion to Amend Pleading/Parties | **November 5, 2024** [90 days to close of discovery] | 90 days prior to close of fact discovery |
| 7. Exchange of Proposed Terms of Construction | **September 3, 2024** [90 days from Scheduling Conference] | 90 days after Court's ruling on Motion to Transfer |
| 8. Exchange of Preliminary Claim Construction | **September 17, 2024** [14 days later] | 14 days later |
| 9. Submit Joint Claim Construction and Prehearing Statement | **October 1, 2024** [14 days later] | 14 days later |
| 10. Opening Claim Construction Brief | **October 22, 2024** [21 days later] | 21 days later |
| 11. Response to Claim Construction Brief | **November 12, 2024** [21 days later] | 21 days later |
| 12. Reply Claim Construction Brief and Matter Submitted to Court for Hearing | **November 19, 2024** [7 days later] | 7 days later |
| 13. Claim Construction Tutorials, Hearing, and Order from the Court | **March 19, 2025** [within 60 days after the Reply brief is filed, the court will complete its hearing, and issue its order within an additional 60 days. If the court is unable to issue its order within 120 days after submissions of the Reply brief, | **TBD** [within 60 days after the Reply brief is filed, the court will complete its hearing, and issue its order within an additional 60 days. If the court is unable to issue its order |

4

**JOINT RULE 26(F) REPORT, DISCOVERY PLAN, AND SCHEDULING ORDER**

| | | the court may reset expert disclosure deadlines as requested by a party or stipulation] | within 120 days after submissions of the Reply brief, the court may reset expert disclosure deadlines as requested by a party or stipulation] |
|---|---|---|---|
| | 14. Disclosure of amended contentions under LPR 1-18a and opinion of counsel defense under LPR 1-18b | **April 18, 2025** [30 days after the Claim Construction Order] | 30 days after the Claim Construction Order |
| | 15. Expert Designations | **May 19, 2025** [60 days after Claim Construction Order issued by court] | 60 days after the Claim Construction Order |
| | 16. Rebuttal Expert Designations | **June 18, 2025** [30 days after Expert Designations] | 30 days after Expert Designations |
| | 17. Expert Discovery Cut-off | **July 18, 2025** [30 days after Rebuttal Expert Designations] | 30 days after Rebuttal Expert Designations |
| | 18. Dispositive Motion Deadline | **August 18, 2025** [30 days after expert discovery closes] | 30 days after expert discovery closes |

IT IS ORDERED that within **30 days** after the court enters a Claim Construction Order the parties must submit to a Post-Claim Construction Settlement Conference as set by the court.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the Court at least **21 days before the expiration of the subject deadline**. A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

b) A specific description of the discovery that remains to be completed;

c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff, on or before **September 17, 2025**. If dispositive motions

are filed, then the parties must file a written, joint proposed pretrial order within 30 days of the date the Court enters a ruling on the dispositive motions. Within 30 days of the entry of a pretrial order, or as further ordered by the Court, the parties must submit to a pretrial settlement conference.

II. **INFORMATION REQUIRED BY FED. R. CIV. P. 26(f)(3)**

    A. <u>Initial Disclosures</u>: The parties agree that no changes should be made in the timing, form, or requirement for initial disclosures under Rule 26(a). The Discovery Plan above includes a deadline for serving initial disclosures.

    B. <u>Subjects and Timing of Discovery</u>: The parties anticipate taking discovery on the claims and defenses alleged in the pleadings, including but not limited to: issues related to the construction of the claims of the patent-in-suit; the sales, revenues, and profits for Patco's accused products; evidence of Patco's alleged willful infringement; BuzzBallz knowledge of prior art to the patent-in-suit; prosecution of the patent-in-suit and evidence of BuzzBallz's alleged inequitable conduct; licensing of the patent-in-suit; BuzzBallz's basis for its claims of infringement; and BuzzBallz's prayer for relief and alleged entitlement thereto.

    C. <u>Issues about Disclosure, Discovery, or Preservation of Electronically stored Information</u>: The parties are not presently aware of any issues concerning the disclosure, discovery, or preservation of discoverable information. The parties intend to keep an open dialogue regarding the format of producing electronically stored information and metadata.

    D. <u>Issues about Claims of Privilege or Trial-Preparation Materials</u>: The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created on or after September 27, 2023 (the filing of *BuzzBallz, LLC v. MPL Brands NV, Inc.*, No. 1:23-cv-1115-RP (W.D. Tex.)) need not be logged. The parties agree that inadvertent disclosure is not a waiver of attorney-client privilege and that an order pursuant to FED. R. EVID. 502 is appropriate. The parties will submit terms within their Joint Protective Order for the Court's approval.

    E. <u>Changes to Limitations on Discovery</u>: The parties agree that no changes should be made

in the limitations on discovery at this time.

    F. <u>Other Orders</u>: The parties expect to produce documents requiring protection either as Confidential or Attorneys' Eyes Only and will submit a Joint Protective Order for the Court's approval by the deadline provided in the Discovery Plan above.

### III. ADDITIONAL PROVISIONS

    A. <u>Alternative Dispute Resolution</u>: The parties conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation. The parties discussed having the Court conduct an early settlement conference and will reach out to the Court to request such conference if and when the parties agree to pursue such a conference as a possible way of settling the case.

    B. <u>Alternative Forms of Case Disposition</u>: The parties certify that they have conferred regarding consent to trial by a magistrate judge under 28 U.S.C. § 363(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), but respectfully decline to pursue these options at this time.

    C. <u>Electronic Evidence</u>: A jury demand has been filed in this matter. The parties discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation. The parties agreed that they will produce discovery in an electronic format, insofar as that is practicable, and intend to consult the courtroom administrator, as needed.

    D. <u>Electronic Service</u>: The parties agree that discovery requests and production may be served electronically on counsel of record.

IT IS SO AGREED AND STIPULATED:

| DATED this 21st day of June, 2024 | DATED this 21st day of June, 2024 |
|---|---|
| CAMPBELL & WILLIAMS | GARMAN TURNER GORDON LLP |
| By: <u>/s/ Jason W. Whitney</u> | By: <u>/s/ Ruben Tyler Kendrick</u> |

**JOINT RULE 26(F) REPORT, DISCOVERY PLAN, AND SCHEDULING ORDER**

| | |
|---|---|
| J. COLBY WILLIAMS, ESQ. (5549)<br>710 South Seventh Street, Suite A<br>Las Vegas, Nevada 89101<br>Telephone: (702) 382-5222<br>Facsimile: (702) 382-0540<br><br>HAYNES AND BOONE, LLP<br>JASON P. BLOOM, ESQ. (*pro hac vice*)<br>2801 N. Harwood Street, Suite 2300<br>Dallas, TX 75201<br>JASON W. WHITNEY, ESQ. (*pro hac vice*)<br>112 East Pecan Street, Suite 1200<br>San Antonio, Texas 78205<br><br>*Attorneys for Plaintiff* | ERIC R. OLSEN<br>Nevada Bar No. 3127<br>JARED M. SECHRIST<br>Nevada Bar No. 10439<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br><br>PERKINS COIE LLP<br>Ruben Tyler Kendrick (pro hac vice)<br>RKendrick@perkinscoie.com<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br><br>*Attorneys for Defendant* |

**IT IS SO ORDERED**

_____
**United Stated Magistrate Judge**

Dated: June 24, 2024